**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5106**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEVON LEEVENSON WILFOUNG,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (CR-04-495)

———————

Submitted: April 27, 2006               Decided: May 1, 2006

———————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Devon Leevenson Wilfoung was sentenced to 210 months imprisonment after he pled guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(l), 846 (2000). He appeals, claiming that his sentence is unreasonable because the district court refused to depart from the advisory guidelines range which took into account the 100:1 crack to powder cocaine ratio.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006).

Wilfoung's sentence was both within the guideline range of 210-262 months, and well within the statutory maximum of life imprisonment. See 21 U.S.C. § 841(b) (2000). Moreover, we have recently considered and rejected a post-Booker challenge to the 100:1 crack to powder cocaine ratio contained in the sentencing guidelines. See United States v. Eura, 440 F.3d 625 (4th Cir.

- 2 -

2006).  Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED